■ In the Matter of MACIO ENNIS, Appellant, v JOHN P. KEANE et al., Respondents. [616 NYS2d 64] —In a proceeding pursuant to CPLR article 78 to compel the respondents to provide the petitioner with proper medical treatment in which a judgment was entered against the respondents on March 13, 1990, the petitioner appeals from an order of the Supreme Court, Westchester County (Scarpino, J.), entered April 10, 1991, which denied his motion for a hearing to determine the amount and source of the fee to be paid to his former attorney in connection with his motion to hold the respondents in contempt for their failure to comply with the judgment entered March 13, 1990.

Ordered that the order is affirmed, with costs.

The petitioner, currently an inmate at the Auburn Correctional Facility, moved to hold the respondents in contempt for their failure to comply with an earlier order, entered March 13, 1990, which directed them to transfer him to a cell with "increased ventilation." After the attorney assigned to represent the petitioner in the matter was relieved because of her lack of expertise in the area of prisoner's rights litigation, the petitioner agreed to be represented by Joan Magoolaghan, a private attorney who specialized in that area of law. Pursuant to a stipulation of settlement, the respondents agreed to pay the petitioner, through counsel, $13,500 in exchange, *inter alia,* for the withdrawal of his motion to hold them in contempt. The petitioner subsequently brought a motion for a hearing to determine the amount and source of counsel fees

due Magoolaghan. The petitioner alleged that he objected to Magoolaghan's retaining $5,000 of the settlement money as her fee and that he had been under the impression that counsel would be reimbursed pursuant to County Law § 722-b.

It can be reasonably inferred from the letter dated August 9, 1990, from the petitioner to Magoolaghan that the petitioner had agreed that Magoolaghan's fee would be $5,000 and that he would keep the remainder of the settlement, i.e., $8,500. Thus, there was no need for the Supreme Court to hold a hearing on the matter. Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.